UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 1:23-CR-00037 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| | : | Electronically Filed |
| DONOVYN LEE SMALLWOOD, | : | |
| Defendant. | : | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States files this Sentencing Memorandum as an aid to the Court in the sentencing of the defendant Donovyn Lee Smallwood, currently scheduled for May 29, 2024.

In September 2021, Smallwood purchased four handguns from a federally licensed firearms dealer on behalf of two individuals who were not permitted to purchase the weapons themselves. The defendant's conduct put the public at risk, undermined state gun safety laws, and contributed to the illegal firearms market. Law enforcement discovered Smallwood's firearms transaction during the investigation of a May 3, 2022, armed carjacking that involved one of the four handguns Smallwood purchased. The victim of the carjacking was a Baltimore City Police Detective. The same handgun was used in three separate crimes, including a homicide. Law enforcement recovered a second handgun and

ammunition after responding to shots fired in Hanover, Pennsylvania. Because law enforcement has yet to recover two of the four handguns Smallwood purchased, the risk to the public continues to this day.

While it is true that Smallwood has admitted guilt, he provides no basis for the imposition of probation, for which he argues. The sentencing guidelines range for his offense is 12 to 18 months, and the Court should impose a sentence at the low end of this range. This sentence appropriately fits with the Section 3553(a) factors: it credits defendant for his timely acceptance of responsibility without sending a message that straw purchasers will be met with an official shrug of the shoulders.

## PROCEDURAL HISTORY AND UNDERLYING FACTS

On February 22, 2023, a grand jury returned a one-count indictment charging Smallwood with making false statements during the purchase of firearms, in violation of 18 U.S.C. § 922(a)(6). Doc. 1.

On September 28, 2023, Smallwood pleaded guilty to making a false statement during the purchase of a firearm, for the purchase of three Taurus 9mm handguns and one SCCY Industries 9mm handgun, as charged in Count 1 of the indictment, pursuant to a plea agreement. Docs. 23, 27.

Smallwood has not been detained since his initial appearance on March 2, 2023.

### Smallwood's Purchase of Firearms for Others

With one clarification as to the dates of purchase, the final presentence report (or "PSR") accurately summarizes Smallwood's offense conduct. Briefly, on September 19, 2021, Smallwood purchased an SCCY Industries Model CPX-2 9mm handgun and a Taurus Model PT111G2A 9mm handgun from a federally licensed firearms dealer located in York County, Pennsylvania. On September 23, 2021, Smallwood purchased two additional handguns, a Taurus Model G3C 9mm handgun and a Taurus Model PT111G2A 9mm handgun, from the same firearms dealer. On May 27, 2022, Smallwood informed law enforcement officers that he (Smallwood) purchased the handguns on behalf of two teenagers, that he did not receive compensation, and that he did not know where the firearms were located. PSR at ¶¶ 5-8. *But see* Doc. 35, Exhibit E, at p. 4 of 6 ("Regarding the instant offense, Mr. Smallwood reported purchasing several firearms and eventually selling them to several friends.").

To date, only two of the four firearms have been recovered:

- On May 3, 2022, the Baltimore Police Department recovered a Taurus Model G3C 9mm handgun with serial number ACE944201 from the scene of an armed carjacking of a Baltimore City Police Detective. Police determined that the same weapon had been used in three other incidents: On April 4, 2022, the firearm was used in a "discharge of firearm" incident. On April 14, 2022, the Taurus was used in an incident causing property damage. On April 25, 2022, the handgun was used in a homicide.

- On November 14, 2023, Hanover Township Police recovered a Taurus Model PT111G2A 9mm handgun with serial number ACG084991 from a vehicle that belonged to the mother of the teenagers for whom Smallwood purchased the located in the vicinity of where officers heard shots fired.

## The PSR's Guideline Calculation

The final presentence report was filed on January 5, 2024. Doc. 30. The PSR calculated Smallwood's total offense level (after a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1) to be 12. PSR at ¶¶ 13-22. Smallwood's criminal history category was calculated to be II. PSR at ¶¶ 25-27. Based on an offense level of 12 and a criminal history category of II, the PSR calculated Smallwood's advisory guideline range to be 12 to 18 months' imprisonment. PSR at ¶ 49.

### Smallwood's Sentencing Memorandum

Smallwood filed a sentencing memorandum on May 1, 2024. Doc. 35. In it, he does not object to any of the calculations in the PSR. *Id.* at p. 1. Smallwood instead argues in favor of a downward variance to a sentence of probation. *Id.*

### ARGUMENT

District courts engage in a familiar three-step process when sentencing criminal defendants:

> A district court must begin the process by first calculating the applicable sentencing guidelines range. After that initial calculation, the court must then rule on any motions for departure, if a motion is granted state how the departure affects the guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the guidelines.

*United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

### The guideline calculation is accurate

The PSR accurately calculated Smallwood's applicable guideline range at 12 to 18 months' imprisonment based on a total offense level of 12 and a criminal history category of II. PSR at ¶ 49.

### There are no motions for departure

Turning to step two, neither Smallwood nor the Government request a departure.

### The 3553(a) factors militate against a sentence of probation

At step three, the Court is enjoined to consider the 18 U.S.C. § 3553(a) factors and any variances from the guidelines range that may be appropriate.

The offense for which Smallwood is to be sentenced—illegally purchasing and selling/transferring firearms—is unquestionably serious and warrants a sentence that reflects the seriousness of the offense, promotes respect for the law, provides for just punishment, and deters others from engaging in similar conduct. *See* Doc. 35, Exhibit E, at p. 4 of 6 ("Regarding the instant offense, Mr. Smallwood reported purchasing several firearms and eventually selling them to several friends.").

Generally, the Court should sentence Smallwood within the applicable guideline range, "…unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from

that described." 18 U.S.C. § 3553(b)(1); *accord United States v. Likens*, 464 F.3d 823, 825 (8th Cir. 2006) ("The guideline range, though advisory, is presumed to be reasonable.") (citation omitted). Here, a sentence of probation would represent a 100 percent downward variance from the bottom of the applicable advisory guideline range and would be an extraordinary, unwarranted reduction. *See Likens*, 464 F.3d at 825 ("An extraordinary reduction must be supported by extraordinary circumstances.").

Here, although Smallwood's family, educational, and medical history provide some basis to sentence the defendant at the low end of the guideline range, these factors do not commend a sentence below the guidelines.

To the extent the Court credits Smallwood's representations, these circumstances do not warrant a 100 percent downward variance to probation. Giving the defendant probation would not "reflect the seriousness of the offense, [] promote respect for the law, [or] provide just punishment for the offense," nor would it "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(B). To the contrary, it would send entirely the wrong message to other potential criminals out there

who might be contemplating serious offenses like the one at issue here. People who illegally purchase and sell firearms pose an inherent danger to the public at large. Prosecuting these people and punishing them is a critical step toward deterring similar conduct, reflecting the seriousness of the offense, and providing just punishment. A probation sentence would send a loud and clear invitation to potential straw purchasers that even if they get caught, they will be permitted to move on with their lives while the dangerous weapons they purchase remain in circulation. Weapons obtained via straw purchase undermine state gun safety laws, fuel the illegal firearms market, and pose a significant danger to the public.[1] A sentence of probation therefore cannot be considered sufficient or just under 18 U.S.C. § 3553(a).

---

[1] Giffords Law Center, "Trafficking & Straw Purchasing," available at https://giffords.org/lawcenter/gun-laws/policy-areas/crime-guns/trafficking-straw-purchasing/ (last accessed May 8, 2024).

## CONCLUSION

For the reasons stated above, the Court should impose a sentence at the bottom of the applicable guidelines sentencing range.

                                        Respectfully submitted,

                                        GERARD M. KARAM
                                        United States Attorney

Dated: May 13, 2024                 /s/ David C. Williams
                                        David C. Williams
                                        Assistant United States Attorney
                                        PA 308745
                                        Sylvia Rambo United States Courthouse
                                        1501 N. 6th Street, Box 202
                                        Harrisburg, PA 17102
                                        Phone: (717) 614-4245
                                        Fax: (717) 221-4493
                                        david.williams4@usdoj.gov

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 1:23-CR-00037 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| | : | Electronically Filed |
| DONOVYN LEE SMALLWOOD, | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Monday, May 13, 2024, he served a true and correct copy of the foregoing

### UNITED STATES' SENTENCING MEMORANDUM

by electronic case filing system, to:

Addressees:   Alexandria J. Lappas
              alexandria_lappas@fd.org


              /s/ David C. Williams
              David C. Williams
              Assistant U.S. Attorney